MARY GRIFFITH *against* JACOB SCIPLES.

It is not necessary that the amount of the judgment appealed from, should be set out in the condition of the appeal bond.

This was an application for a mandamus to be directed to the Court of Common Pleas of Somerset, to compel them to restore an appeal, and came before the court upon a case stated by the attorneys of the parties.

*L. Kirkpatrick.* The only question, agreeably to the case agreed on, is whether it be necessary to set out in the preamble to the condition of an appeal bond the amount for which judgment was rendered before the justice.

In *Revised Laws* 640, will be found all that is said in the statutes respecting the form of the appeal bond.

It is not necessary to set out any preamble whatever; a bond without it would fully satisfy the statute.

If the party choose to make a preamble, the only requisite is, that it be true so far as it goes. If erroneous, it may vitiate the bond, but cannot vitiate if what is stated be true.

The form in Pennington's treatise, from which the bond in question was drawn, does not in the preamble to the condition, set out the sum for which judgment was obtained; the bond in question is copied verbatim from Pennington's treatise.

There is nothing to prevent a recovery upon such a bond.

The only injury that can possibly arise is, that there might be two actions of debt between the same individuals before the same justice, upon which judgment might be given at the same time, and in case of one appeal, the party would not know which case was appealed from.

In such event the Common Pleas would always oblige the party, appellant, to declare from which judgment the appeal was taken.

*W. Thompson.* In this cause, the appeal was dismissed upon the ground, that the appeal bond did not recite the amount for which judgment was rendered, and I think very properly; the bond should be certain. In this case for aught that appears to the contrary, there are two appeals from the judgment of the same justice, between the same parties, in the same form of action. Under a late decision of this court, two actions of the same nature may be sustained between the same parties. I refer to the case of *Smock* and *Throckmorton*, from the county of Monmouth; how. are we to know, to what judgment this bond will answer; it may apply to either of the actions, but if it recited the amount there could not be a reasonable doubt. The form in Griffith's treatise requires the amount to be set out; appeal bonds ought to be more certain since the act of the legislature, giving the appealing party the privilege of substituting a new appeal bond, if the first should prove defective.

EWING, C. J. An appeal taken to the Court of Common Pleas of the county of Somerset, between these parties, was dismissed because the amount of the debt and costs for which the judgment was rendered was not inserted in the appeal bond. The recital is in these words : " Whereas, the above bounden Mary Griffith, hath appealed from the judgment of James Taylor, Esq., justice of the peace in and for the county of Somerset, rendered before the said justice, in a suit wherein she, the said Mary Griffith, was defendant, and the said Jacob Sciples was plaintiff, in a plea of debt. Now therefore," &c.

We are of opinion the recital in the bond is sufficiently full, explicit and certain. There is nothing in the statute regulating appeals, which either directly or by fair implication requires the insertion of the numerical amount of the judgment; nor does practical convenience render it necessary. The possibility, suggested by the counsel of the

appellee, that there may be two judgments, between the same parties, before the same justice, in the same style of action, is very remote, and when it actually exists cannot create any serious difficulty. In the form of an appeal bond given by *Judge Pennington*, in his treatise on the courts for the trial of small causes, the amount of the judgment is not set forth. Policy does not require, even if principle would permit, the imposition of stricter restraints on the review by appeal, than such as are clearly contemplated by the provisions of the statute. In the case *ex parte Alvord and others. 6 Cowen* 585, the Supreme Court of New York, held that an appeal bond should recite the amount of the judgment of the justice. The ground of this decision however is a provision, not contained in our statute, which in the opinion of the court rendered such recital necessary.

Let a peremptory mandamus according to the agreement of the parties, be issued.